IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GARRY R. BARNES, an individual, and | ) | |
| GLB VENTURE, LLC, an Illinois | ) | |
| limited liability company, | ) | Case No.:  08C162 |
| | ) | |
| Plaintiffs, | ) | Judge Guzman |
| | ) | Magistrate Judge Denlow |
| vs. | ) | |
| | ) | |
| NEUROMARK, INC., a Delaware corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER TO COMPLAINT

Defendant, Neuromark, Inc., through its undersigned counsel, responds to the Complaint as follows:

## THE PARTIES

1.      Admitted.

2.      Defendant lacks sufficient information to admit or deny the allegations in paragraph 2 and therefore denies them.

3.      Admitted.

4.      Defendant states that it is a neuropsychiactric company engaged in the business licensing and developing genetic tests relating to neuropsychiatric disorders.  Defendant denies the remaining allegations in paragraph 4.

## JURISDICTION

5.      Defendant admits the existence of subject matter jurisdiction.

6.      Defendant admits that the subject contract contains a venue provision identifying Illinois as a dispute venue.  Defendant further states, however, that the subject contract contains a

provision requiring that the parties arbitrate their disputes in Colorado.  Defendant reserves the right to request that this matter be stayed pending arbitration.  Defendant denies any allegation in paragraph 6 that is contrary to this response.

## <u>BACKGROUND ON ALL COUNTS</u>

7.    Admitted.

8.    Defendant states that the Agreement speaks for itself and denies any allegation in paragraph 8 that is inconsistent with the Agreement's terms.

9.    Defendant admits that it received $250,000 from Barnes and that Barnes was issued 625,000 capital shares of Defendant's stock as referenced in Exhibit B to the Complaint. Defendant denies any allegation in paragraph 9 that is inconsistent with this statement.

10.    Defendant lacks sufficient information to admit or deny the allegations in paragraph 10 and therefore denies them.

11.    Defendant admits that it issued to Barnes 250,000 shares of Defendant's capital stock and to GLB Ventures, LLC 350,000 shares of Defendant's capital stock as reflected in Exhibits C and D to the Complaint.  Defendant denies any allegation in paragraph 11 that is inconsistent with this statement.

12.    Defendant lacks sufficient information to admit or deny the allegations in paragraph 12 and therefore denies them.

13.    Defendant states that the Agreement speaks for itself and denies any allegation in paragraph 13 that is inconsistent with the Agreement's terms.

14.    Denied.

15.    Denied.

16.    Defendant admits that Barnes complained about the timing of payments but denies that he had any basis for such complaint and Defendant denies the remaining allegations in paragraph 16.

17.    Admitted.

18.    Denied.

19.    Admitted.

20    Defendant lacks sufficient information to admit or deny the allegations in paragraph 20 and therefore denies them.

21.    Denied.

22.    Defendant lacks sufficient information to admit or deny the allegations in paragraph 22 and therefore denies them.

23.    Defendant lacks sufficient information to admit or deny the allegations in paragraph 23 and therefore denies them.

24.    Defendant states that the Agreement speaks for itself and denies any allegation in paragraph 24 that is inconsistent with the Agreement's terms.

25.    Defendant admits that it has not continued to pay to Barnes his base salary and denies that such is required by the Agreement.

26.    Defendants admit that Barnes made a written demand, dated November 16, 2007, to inspect corporate books and records and denies the remaining allegations in paragraph 26. Defendants state that such demand was for an improper purpose.

27.    Defendant deny that it repudiated the Stock Purchase and deny Plaintiffs' characterization of the December 7, 2007 letter.

## COUNT I
### (Rescission brought by Plaintiffs)

28.    Defendant incorporates the above responses herein by reference.

29.    Denied.

30.    Denied.

31.    Defendant lacks sufficient information to admit or deny the allegations in paragraph 31.

32.    Defendant admits that it has not exchanged Plaintiffs' stock for $250,000 and denies that it is obligated to do so.

33.    Denied.

## COUNT II
### (Breach of Contract – Denial of Shareholder Rights brought by Plaintiffs)

34.    These allegations require no response.

35.    Defendant incorporates the above responses herein by reference.

36.    Denied.

37.    Denied.

38.    Denied.

## COUNT III
### (Breach of Contract – Sections 6 and 7 of the Agreement brought by Barnes)

39.    These allegations require no response.

40.    Defendant incorporates the above responses herein by reference.

41.    Admitted.

42.    Denied.

43.    Denied.

44.     Defendant states that the Agreement speaks for itself and denies any allegation in paragraph 44 that is inconsistent with the Agreement's terms.

45.     Defendant admits that it has not made a severance payment and denies that Barnes is entitled to any such payment.

46.     Denied.

## COUNT IV
### (Inspection of Books and Records brought by Plaintiff)

47.     These allegations require no response.

48.     Defendant incorporates the above responses herein by reference.

49.     Admitted.

50.     Denied.

51.     Denied.

52.     Denied.

WHEREFORE, Defendant requests that the Court find in favor of Defendant on all of Plaintiffs' claims, that the Court dismiss all of Plaintiffs' claims, with prejudice, and that the Court grant to Defendant an award of its costs and expenses, including without limitation, attorneys' fees, and any further relief the Court deems proper.

## AFFIRMATIVE DEFENSES

1.      Plaintiffs' claims, in whole or in part, fail to state a claim upon which relief can be granted.

2.      Plaintiffs' claims, in whole or in part, are subject to set off.

3.      Plaintiffs' claims, in whole or in part, are subject to a binding arbitration provision.

4.      Plaintiffs' claims, in whole or in part, fail because Plaintiffs have failed to mitigate their damages.

5.      Plaintiffs' claims, in whole or in part, fail because of fraud in the inducement.

6.      Plaintiffs' claims fail, in whole or in part, because of Plaintiffs' own misrepresentations and unclean hands.

7.      Plaintiffs' claims fail, in whole or in part, because of Plaintiffs' own breach of contract and grounds for termination for cause.

8.      Plaintiffs' claims fail, in whole or in part, because of Plaintiffs' improper purpose.

9.      Plaintiffs' claims fail, in whole or in part, because of the doctrines of waiver and estoppel.

10.      Plaintiffs' claims fail, in whole or in part, because Plaintiffs resignation was without good reason.

Respectfully submitted this 25th day of February, 2008.

BROWNSTEIN HYATT FARBER SCHRECK, LLP


By:  s/ David S. Chipman
One of Their Attorneys


David S. Chipman
Brownstein Hyatt Farber Schreck, LLP
410 Seventeenth Street
Suite 2200
Denver, Colorado 80202
Tel. 303.223.1100
Fax: 303.223.1111
dchipman@bhfs.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 25th day of February, 2008, a true and correct copy of the foregoing **ANSWER TO COMPLAINT** was filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

Marc R. Jacobs, Esq.
Andrea C. Okun, Esq.
Sara E. Lorber, Esq.
SEYPARTH SHAW LLP
131 S. Dearborn Street, #2400
Chicago, Illinois 60603
mjacobs@swyfarth.com
aokun@seyfarth.com
slorber@seyfarth.com

By:     */s Cheryl Graysar*_____
        Cheryl Graysar, Paralegal